# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist DAVID N. GILLUM**
**United States Army, Appellant**

ARMY 20111156

Headquarters, Fort Riley
Jeffery R. Nance, Military Judge
Lieutenant Colonel Daniel G. Brookhart, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Captain Robert Feldmeier, JA.

For Appellee:  Lieutenant Colonel Amber J. Roach, JA.

27 July 2012

---------------------------------
SUMMARY DISPOSITION
---------------------------------

KRAUSS, Judge:

A military judge, sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave, one specification of willfully disobeying a superior commissioned officer, three specifications of failure to obey a general order or regulation, one specification of failure to obey an order, one specification of drunken operation of a vehicle, one specification of transporting an open container of alcohol, and two specifications of carrying a concealed weapon in violation of Articles 86, 90, 92, 111, and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, 892, 911, 934 (2006) [hereinafter UCMJ].  Contrary to his pleas, the court-martial convicted appellant of another specification of willfully disobeying a superior commissioned officer and an assault consummated by a battery in violation of Articles 90 and 128, UCMJ. Appellant was acquitted of separate specifications of drunk driving and assault consummated by a battery.[1]  The court-martial sentenced appellant to a bad-conduct discharge and confinement for fifteen months.  The convening authority approved

---

[1] The court-martial also granted a previous motion by the government to dismiss another specification of failure to obey a general order or regulation.

the sentence as adjudged and credited appellant 123 days for pretrial confinement and conditions of such confinement.

This case is before the court for review under Article 66, UCMJ. Appellant submitted the case on its merits. Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant raises several issues one of which, relative to Specification 2 of Charge II, alleging willful disobedience, warrants comment. We also find it necessary to address the validity of appellant's plea of guilty to Specification 1 of Charge II.

As to Specification 2 of Charge II, we find the evidence legally and factually insufficient to support conviction of the alleged willful disobedience. Though we disagree with appellant's reasons, we reach the same conclusion. Because the evidence established the offense of breaking restriction rather than willful disobedience, pursuant to the ultimate offense doctrine, we must disapprove this finding of guilty. *See United States v. Traxler*, 39 M.J. 476 (C.M.A. 1994); *United States v. Peaches*, 25 M.J. 364 (C.M.A. 1987); *United States v. Bratcher*, 18 U.S.C.M.A. 125, 39 C.M.R. 125 (1969). Though the military judge treated the offense as one of breaking restriction for sentencing purposes, the proper remedy is dismissal of the specification under the circumstances. *Id.*[2]

In relation to Specification 1 of Charge II, appellant admitted facts sufficient to support a finding of guilty to failure to obey an order under the circumstances of this case rather than willful disobedience when he stated that he failed to obey an order to sign in at a specific time and place a few times because he "just overslept." *See Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶ 14.c.(2)(f). Therefore, we find a substantial basis in law and fact to reject appellant's plea of guilty to Specification 1 of Charge II, disapprove the finding of guilt to the offense of willful disobedience, but affirm a finding of guilt to the lesser-included offense of failure to obey an order in violation of Article 92, UCMJ. *See United States v. Ranney*, 67 M.J. 297 (C.A.A.F. 2009); *United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008).

On consideration of the entire record, including consideration of the issues personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we disapprove the findings of guilty as to Charge II and its Specifications, affirm the lesser-included offense of failure to obey an order in violation of Article 92 as to Specification 1 of Charge II, and find the remaining findings of guilty correct in law and fact. Accordingly, Specification 2 of Charge II

---

[2] We also note that the offense of breaking restriction can no longer be considered a lesser included offense of disobeying a superior commissioned officer so this court is not free to substitute the former for the latter. *See generally United States v. Jones*, 68 M.J. 465, 472 (C.A.A.F. 2010).

GILLUM—ARMY 20111156

is dismissed; the remaining findings of guilty, as described above, are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

Senior Judge JOHNSON and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3